Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **SHARON GILMORE,** | ) | Case No. **'11CV1950 JAH RBB** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR VIOLATION** |
| vs. | ) | **OF FEDERAL FAIR DEBT** |
| | ) | **COLLECTION PRACTICES ACT** |
| | ) | **AND ROSENTHAL FAIR DEBT** |
| **ALLIANCEONE INCORPORATED,** | ) | **COLLECTION PRACTICES ACT** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Sharon Gilmore ("Plaintiff") is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, AllianceOne Incorporated, ("Defendant") was a company doing business in the County of San Diego, State of California, and engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about April, 2011, Defendant began calling Plaintiff repeatedly in attempt to collect a debt. Defendant stated the alleged debt was for

a Capital One account, but Plaintiff had previously paid off her Capital One account.

7.   Plaintiff received calls from Donny, an employee of Defendant, from 800-279-3480, and from Kelly, an employee of Defendant, from 866-385-0277. Defendant called Plaintiff at work, at 318-744-5727.

8.   Plaintiff advised Defendant that the calls were coming to her at work, and that she could not take calls at work.  Defendant continued to call Plaintiff at work after Plaintiff told them to stop.

9.   On May 27, 2011, a written request for verification was sent to Defendant.  On June 15, 2011, a second request for verification was sent to Defendant.  Defendant has not responded to either request to date.

10.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to calling Plaintiff multiple times a day (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff multiple times a day (Cal Civ Code §1788.11(e));

   c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse

Plaintiff, including, but not limited to, calling Plaintiff multiple times a day (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, calling Plaintiff at work after being asked not to (§1692c(a)(1));

e) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, collecting a debt that had been paid off (§1692e(10);

f) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, collecting a debt that had been paid off (§1692e(2)(A));

g) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

h) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, collecting a debt that had been paid off (§1692f(1)); and

i) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, collecting a debt that had been paid off (§1692f(1)).

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.     Actual damages;

    C.     Statutory damages;

    D.     Costs and reasonable attorney's fees; and,

    E.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13.     Plaintiff reincorporates by reference all of the preceding paragraphs.

14.     Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 24th day of August, 2011.

    By:    s/Todd M. Friedman
            Todd M. Friedman
            Law Offices of Todd M. Friedman, P.C.
            Attorney for Plaintiff