```
 1  JEFFREY A. TOPOR (SBN 195545)
    jtopor@snllp.com
 2  R. TRAVIS CAMPBELL (SBN 271580)
    tcampbell@snllp.com
 3  SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
 4  San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
 5  Facsimile:  (415) 352-2625

 6  Attorneys for defendant
    AllianceOne Receivable Management, Inc.
 7  erroneously sued as AllianceOne
    Incorporated
 8
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON GILMORE, | CASE NO.: 3:11-cv-01950-JAH-RBB |
| Plaintiff, | |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| ALLIANCEONE INCORPORATED, | |
| Defendant. | |

Defendant ALLIANCEONE RECEIVABLE MANAGEMENT, INC., erroneously sued as ALLIANCEONE INCORPORATED ("Defendant") hereby submits the following Answer to the First Amended Complaint ("FAC") filed in this action by plaintiff SHARON GILMORE ("Plaintiff"):

1. In answering Paragraph 1 of the FAC, Defendant admits that Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the FAC, Defendant admits that Plaintiff alleges that jurisdiction arises under 15 U.S.C. § 1692k(d). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the FAC, Defendant admits that Plaintiff alleges that venue arises under 28 U.S.C. § 1391(c). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) or a "debtor" as defined in Cal. Civil Code § 1788.2(h). Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the FAC, Defendant admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it acted as a "debt collector" with respect to the obligation at issue in this case. For the same reasons, Defendant can neither admit nor deny whether it

1  qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as
2  defined in Cal. Civil Code § 1788.2(f).  Except as herein admitted, the remaining
3  allegations of Paragraph 5 are denied.

4      6.    In answering Paragraph 6 of the FAC, Defendant admits that it
5  contacted Plaintiff within one year prior to the filing of the Complaint.  Except as
6  herein admitted, the remaining allegations of Paragraph 6 are denied.

7      7.    In answering Paragraph 7 of the FAC, Defendant admits that in April
8  2011 it placed a telephone call to Plaintiff regarding her Capital One credit card
9  account.  Except as herein admitted, the remaining allegations of Paragraph 7 are
10 denied.

11      8.    In answering Paragraph 8 of the FAC, Defendant admits that its
12 representative named "Kelly" placed a telephone call to Plaintiff at 318-744-5727.
13 Defendant lacks sufficient knowledge to form a belief as to whether that telephone
14 number was at Plaintiff's place of employment.  Defendant admits, on information
15 and belief, that it placed telephone calls to Plaintiff from 800-279-3480.  Except as
16 herein admitted, the remaining allegations of Paragraph 8 are denied.

17      9.    Denied.

18      10.    In answering Paragraph 10 of the FAC, Defendant lacks sufficient
19 knowledge to form a belief as to whether Plaintiff sent a "written request for
20 verification" on May 27, 2011, or a "second request for verification" on June 15,
21 2011.  Defendant denies it received any correspondence from Plaintiff.  Except as
22 herein admitted, the remaining allegations of Paragraph 10 are denied.

23      11.    Denied.

24      12.    In answering Paragraph 12 of the FAC, Defendant denies all allegations
25 therein and denies that Plaintiff is entitled to any relief requested.

26      13.    In answering Paragraph 13 of the FAC, Defendant incorporates by
27 reference paragraphs 1 through 12 above as if fully set forth herein.  Defendant

28

denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

14. In answering Paragraph 14 of the FAC, Defendant incorporates by reference paragraphs 1 through 13 above as if fully set forth herein.

15. In answering Paragraph 15 of the FAC, Defendant avers that the contents of the RFDCPA are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the FAC, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the FAC fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the FAC are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error

notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

The allegations in the FAC and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the FAC based upon her own conduct and admissions with respect to the financial obligation at issue.

//
//
//

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the FAC, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the FAC are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

//
//

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the FDCPA and the RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Materiality)

Plaintiff has not identified any materially false or misleading statement and therefore cannot prevail on her claims.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to sue.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the FAC, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff its costs according to proof.
3. That Defendant recover its attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: December 27, 2011 | SIMMONDS & NARITA LLP<br>JEFFREY A. TOPOR<br>R. TRAVIS CAMPBELL |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/R. Travis Campbell |
| 5 | | R. Travis Campbell<br>Attorneys for defendant<br>AllianceOne Receivable Management,<br>Inc. erroneously sued as Alliance One,<br>Inc. |

# PROOF OF SERVICE

I, R. Travis Campbell, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for the defendant in this action.

On December 27, 2011, I caused the **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Todd M. Friedman, Esq.
tfriedman@attorneysforconsumers.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of December, 2011.

By:   s/R. Travis Campbell
       R. Travis Campbell
       Attorneys for defendant AllianceOne Receivable Management, Inc., erroneously sued as AllianceOne Incorporated